Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER KORSEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation d/b/a "AUDIA OF AMERICA, INC."; MARVEL ENTERTAINMENT, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT ( 17 U.S.C. § 101, *et. seq.*);<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br><u>Jury Trial Demanded</u> |

Plaintiff, Jennifer Korsen ("Korsen"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1.      Korsen is a renowned artist known for her work in a variety of mediums, including murals and street art that has been frequently featured and displayed around the Los Angeles area in galleries, pop shows, and public spaces. Korsen has also displayed her art internationality and has worked with major clients such as Red Bull, Whole Foods, Etsy, and the City of Los Angeles. In particular, Korsen's iconic anatomically incorrect heart design has appeared repeatedly in her various works and has become widely recognized and associated with Korsen.

2.      Korsen created an original and copyrighted mural on 7th Street and Mateo Street in Los Angeles which became a recognizable and distinct feature of the neighborhood ("Subject Mural"). This mural featured both Korsen's signature and a copyright notice. The Subject Mural is one of a number of murals and other pictorial artworks by Korsen incorporating an original anatomically incorrect 8-valve heart design, often depicted with the blue stylized "LA" initials, which Korsen has been featuring in her artwork for nearly a decade and which has become strongly associated with Korsen. Non-inclusive exemplars of the Subject Mural and other of Korsen's artworks featuring her iconic heart design are attached hereto as **Exhibit A**.

3.      In 2018, Defendants VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a "AUDIA OF AMERICA, INC" ("Audi") and MARVEL ENTERTAINMENT, LLC ("Marvel") developed, displayed, and distributed a marketing campaign that inexplicably featured foregrounded depictions of the Subject Mural without Korsen's authorization or consent.

4.      The campaign included a commercial meant to advertise both Audi's cars and Marvel's movie "Avengers: Endgame" (the "Infringing Commercial"). The Infringing Commercial prominently featured Korsen's Subject Mural, including a

scene in which the Subject Mural is the only image present and consumes the entire screen. The Infringing Commercial was featured widely on Audi's social media, including on Audi's official YouTube channel where it garnered more than 850,00 views, on Facebook Live, and at Audi's keynote address at the LA Auto show on November 28, 2018. Non-inclusive exemplars of the Subject Mural's reproduction in the Infringing Commercial are depicted below.

| Commercial Screen Captures: |
| --- |



5.      On information and belief, it is alleged Audi and Marvel unlawfully and without Korsen's authorization reproduced the Subject Mural in the Infringing Commercial to draw in and engage consumers for Marvel and Audi products through the Subject Mural's aesthetic appeal and by associating the Subject Mural and Korsen's reputation as an artist with Audi and Marvel. While the Subject Mural is not the only creative element of the Infringing Commercial, it is important, both qualitatively and quantitatively, to said commercial's gestalt.

6.      Korsen brings this claim to seek redress for this unauthorized and unlawful publishing and exploitation of her original artwork. Defendants have misappropriated Korsen's artwork without authorization, including through the Infringing Commercial's exploitation of the Subject Mural. Before using her original artwork in the Infringing Commercial, Defendants declined to contact her to gain her consent.

7.       Defendants', and each of their, commercial exploitation of Korsen's artwork without her consent violates her exclusive rights in her work as set forth in Title 17.

## JURISDICTION AND VENUE

8.      This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

9.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

10.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

11.     Korsen is an individual currently residing in Los Angeles, California.

12.     Korsen is informed and believes and thereon alleges that Audi is a New Jersey Corporation with its primary place of business at 2200 Ferdinand Porsche Drive, Herndon, VA, 20171, another office at 20460 Hawthorne Boulevard, Torrance, CA 90503 and is doing business within the state of California.

13.     Korsen is informed and believes and thereon alleges that Marvel is a Delaware Limited Liability Company with its principal place of business at 1290 Avenue of the Americas, New York, NY 10104.

14.     Defendants DOES 1 through 10, inclusive (collectively with Audi and Marvel, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

15.     Korsen is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Korsen's rights and the damages to Korsen proximately caused thereby.

**CLAIMS RELATED TO PLAINTIFF'S SUBJECT MURAL**

16.     Korsen created and owns all rights in the Subject Mural.

17.    Korsen complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Mural, which Korsen has registered with the United States Copyright Office effective November 11, 2019 at Registration Number VAU001383912.

18.    In 2018, to increase sales, attract new customers, and enhance their brand goodwill, Audi and Marvel developed and launched a marketing campaign, including the Infringing Commercial, featuring the Subject Mural as central element. In the Infringing Commercial the Subject Mural is displayed prominently, shown multiple times, close up and in detail, in its entirety, and even taking up the entirety of the screen. The Subject Mural is used to associate Audi and Marvel's brands with the community and its artwork and related "coolness" as described and reflected in the Infringing Commercial.

19.    The Subject Mural is reproduced in the Infringing Commercial with Korsen's identifying information and copyright notice cropped out of the frame, without any accreditation to Korsen, and while being repeatedly shown alongside Defendants' logos and products.

20.    Prior to the acts complained of herein, Korsen widely publicly displayed and disseminated the Subject Mural, including through the Subject Mural's prominent public location as a work of community-facing art.

21.    Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Mural for financial benefit by, without limitation, reproducing the Subject Mural in the Infringing Commercial as a part of a marketing campaign for commercial benefit, displaying the Infringing Commercial through broadcast on network television and publication to social media and YouTube Channels owned and operated by Defendants. True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto. These

copies and screen captures represent non-inclusive exemplars of the Defendants' infringing activities.

22.     Upon information and belief, Korsen alleges that Defendants, and each of them, had access to the Subject Mural, including through the Subject Mural's prominent public location and display on the streets of Los Angeles, Korsen's numerous online profiles and features, online publications and press featuring Korsen's work, Korsen's social media accounts, and/or through viewing the Subject Mural on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.)

23.     Korsen  has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Mural.

## **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

24.      Korsen repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25.     Upon information and belief, Korsen alleges that Defendants, and each of them, accessed the Subject Mural by, without limitation, viewing the Subject Mural as it was publicly displayed. Access is additionally evidenced by Subject Mural's exact reproduction in the Infringing Use and the appearance of Korsen's signature in the brief frames of the commercial where it is not excluded or obscured.

26.     Upon information and belief, Korsen alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Mural as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

27.     Upon information and belief, Korsen alleges that Defendants, and each of them, infringed Korsen's copyrights by creating infringing derivative works from the Subject Mural and publishing same to the public.

28.     Due to Defendants', and each of their, acts of infringement, Korsen has suffered actual, general, and special damages in an amount to be established at trial.

29.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Korsen's rights in the Subject Mural. As such, Korsen is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Mural in an amount to be established at trial.

30.     Korsen registered the Subject Mural with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

31.     Korsen is informed and believes and thereon alleges that Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

32.     Korsen repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33.     Upon information and belief, Korsen alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Mural as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published

by Defendant(s); publishing the Infringing Commercial on affiliate, third-party, and social media sites; and distributing the Infringing Commercial to third-parties for further publication.

34.     Korsen is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing content at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Infringing Commercial.

35.     By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Korsen has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

36.     Upon information and belief, Korsen alleges that Defendants have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under section 504©(2) of the Copyright Act in the sum of up to $150,000 per infringement and/or a preclusion from asserting certain equitable and other defenses.

37.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Korsen's rights in the Subject Mural. As such, Korsen is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Mural, in an amount to be established at trial.

38.     Korsen is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## **THIRD CLAIM FOR RELIEF**

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

39.     Korsen repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

40.     The Subject Mural was routinely published with attribution, credit, and other copyright management information identifying Korsen as the author, including through the presence of Korsen's name and copyright notice on the Subject Mural itself.

41.     Upon information and belief, Korsen alleges that Defendants, and each of them, cropped out and/or removed Korsen's copyright management information, as described above, from the Subject Mural, and/or added false copyright management information to the Subject Mural, attributing it to another artist and/or source, before distributing and publishing same.

42.     Upon information and belief, Korsen alleges that Defendants, and each of them, widely distributed and published the Subject Mural through its prominent use in the Infringing Commercial as it was widely broadcast and published online, including but not limited those sites reflected in **Exhibit B** hereto bearing other names and brands, and removing Korsen's attribution information, including without limitation her name and/or metadata.

43.     The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

44.    When Defendants distributed and published the Subject Mural, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Korsen has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Mural.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over all infringing uses of the Subject Mural, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the Subject Mural and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

1    h.  That Plaintiff be awarded such further legal and equitable relief as the Court

2        deems proper.

3        Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.

4    38 and the 7th Amendment to the United States Constitution.

5                                              Respectfully submitted,

6

7    Dated: November 11, 2021            By:   */s/ Scott Alan Burroughs*

8                                              Scott Alan Burroughs, Esq.
                                               Frank R. Trechsel, Esq.
9                                              DONIGER / BURROUGHS
                                               *Attorneys for Plaintiff*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        12
                                     COMPLAINT

## EXHIBIT A



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT B**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

